(17 Misc. Rep. 307)

### READ v. METROPOLITAN LIFE INS. CO.

(City Court of New York, General Term.　June 30, 1896.)

EVIDENCE—DOCUMENTS—SUBSCRIBING WITNESS.

> An application for insurance is not admissible in an action on the policy, where the application shows on its face a subscribing witness, and his death is not claimed, nor his absence accounted for.

Appeal from trial term.

Action by Mary Read against the Metropolitan Life Insurance Company. Judgment was entered on a verdict directed by the court in favor of plaintiff, and defendant appeals. Affirmed.

Argued before VAN WYCK, C. J., and CONLAN and O'DWYER, JJ.

Arnoux, Ritch & Woodford, for appellant.

Max Altmayer, for respondent.

CONLAN, J. This is an appeal from a judgment entered in favor of the plaintiff upon a verdict directed by the court. The action is upon a life insurance policy issued by the defendant February 20, 1893, upon the life of one Edward O'Neill in favor of the plaintiff. The making and issuing of the policy, the payment of the premiums, and the death of the insured are admitted. The appellant relies upon exceptions taken at the trial. At the close of the plaintiff's case, counsel for the defendant moved to dismiss on the ground that the proofs of death had not been served on the company as required by the policy. This motion was opportune and well taken, as the case then stood; but the court, in the exercise of its discretion, allowed the plaintiff to reopen her case and supply the proof. We think the proof subsequently introduced made out a prima facie case, and the motion was properly denied. The application was properly excluded. The application on its face shows a subscribing witness. His death is not claimed, nor is his absence accounted for. The statute clearly shows or points the way to prove an instrument authenticated by a subscribing witness. This method was not employed. On the contrary, the defendant introduced one of its employés, who testified that he was familiar with the issuing of policies on applications presented to the company, and that the policy in question was issued on the application offered in evidence. This was not enough. It was incumbent on the defendant to show that the application offered was not only the application on which the policy issued, but that it was the application made by the insured for the issuance of the policy. The testimony of the plaintiff before the coroner as to the insured's health presented a question that might have been submitted to the jury, but the defendant's counsel did not ask to go to the jury on the question of fact, contenting himself to rest his case on his motion to dismiss.

We think the motion for a direction was properly granted, and the judgment is affirmed, with costs. All concur.